IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DONAL MESSINA, GG-0082, )
    Petitioner, )
)
    v. ) 2:11-cv-1242
)
COMMONWEALTH OF PENNSYLVANIA. )
et al., )
    Respondents. )

REPORT and RECOMMENDATION

I. Recommendation:

It is respectfully recommended that the petition of Donald Messina for a writ of habeas corpus be transferred to the United States Court of Appeals for the Third Circuit as a successive petition.

II. Report:

Donald Messina has presented a petition for a writ of habeas corpus. Messina is presently incarcerated as the State Correctional Institution – Dallas serving a six to twelve year sentence imposed following his conviction, by a jury of statutory sexual assault and corruption of a minor at No. 528 of 2004 in the Court of Common Pleas of Clarion County, Pennsylvania. That sentence was imposed on June 1, 2005.[1]

However, this is not Messina's first habeas petition challenging those convictions. In Civil Action 2:10-cv-1004 he also filed a collateral attack. In a Report and Recommendation filed in the latter case on August 09, 2010 and adopted by the Court on August 25, 2010, it was recommended that the petition be transferred to the Court of Appeals as a successive petition to a challenge previously filed at Civil Action 2:-07-cv-946. On appeal, the Court denied Messina leave to file a second or successive petition.[2]

In the present petition executed on September 22, 2011 Messina again returns to this Court and contends he is entitled to relief on the following grounds:

---

[1] See: Petition at ¶¶1-6.
[2] United States Court of Appeals for the Third Circuit Docket No. 10-3662.

The District Attorney of Clarion County failed to file a brief on a P.C.R.A. appeal to the Superior Court of Pennsylvania.[3]

The Antiterrorism and Effective Death Penalty Act, signed into law on April 24, 1996, included several major reforms to the federal habeas corpus laws. As part of this habeas corpus reform, Congress amended 28 U.S.C. § 2244 to prohibit district courts from entertaining claims presented in a second or successive habeas corpus application unless the appropriate federal court of appeals authorizes such filing. The relevant amended language provides as follows:

> (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>
> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
>
> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
>
> D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
>
> (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

28 U.S.C. § 2244(b)(3).

Because it would appear that this Court cannot consider the instant successive petition without leave of the Court of Appeals, it is recommended that the petition be transferred to that Court for authorization, if any, to proceed with the petition here.

Litigants who seek to challenge this Report and Recommendation must seek review by the district judge by filing objections within fourteen (14) days of this date. Failure to do so will waive the right to appeal.

Filed: October 12, 2011	Respectfully submitted,
s/ Robert C. Mitchell
United States Magistrate Judge

---

[3] See: Petition at ¶ 12.